UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BARTON BERTHELOT (#432056)**                          **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                          **NO.: 3:13-cv-00459-BAJ-SCR**

### RULING AND ORDER

The Court has carefully considered Petitioner's PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (Doc. 1), the REPORT of United States Magistrate Judge Stephen C. Riedlinger dated August 30, 2013 (Doc. 3), and Petitioner's timely OBJECTIONS TO REPORT OF THE MAGISTRATE JUDGE ISSUED ON AUGUST 30, 2013 (Doc. 4).

The Court APPROVES the Magistrate Judge's Report and the recommendation contained therein, and ADOPTS it as the Court's opinion. For the reasons explained in the Magistrate Judge's Report, Petitioner's § 2254 Petition is untimely under 28 U.S.C. § 2244(d)(1).[1]

---

[1] Petitioner objects to the Magistrate Judge's Report, asserting that he is entitled to the benefit of equitable tolling because "counsel's erroneous advise [sic] caused the petitioner to be untimely and late." (Doc. 4 at ¶ 4). The U.S. Fifth Circuit Court of Appeals has recognized that when a lawyer deceives his client into believing that a habeas petition has been filed on his behalf, such a situation "presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). However, that situation is not presented here. Instead, Petitioner argues that his failure to timely file his federal habeas petition should be excused because his counsel on direct appeal in state

Accordingly, IT IS ORDERED that Petitioner's petition is DISMISSED.

Baton Rouge, Louisiana, this 18th day of October, 2013.

	BRIAN A. JACKSON, CHIEF JUDGE
	UNITED STATES DISTRICT COURT
	MIDDLE DISTRICT OF LOUISIANA

---

proceedings misadvised him regarding federal post-conviction filing deadlines. (*See* Doc. 1-1 at p. 16). Courts of Appeals have consistently rejected such claims. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Cousin v. Lensing*, 310 F.3d 843, 848 & n. 4 (5th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).